UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                    ) Case No. 18-10306-B-13
                                         )
**ALEJANDRO CERVANTES**,                 ) Date:   March 16, 2020
                                         ) Time:   11:00 a.m.
                                         ) Place:  U.S. Courthouse
              Debtor.                    )         2500 Tulare St.
                                         )         Fresno, CA
                                         )         Fifth Floor, Dept. B
                                         )         Courtroom 13
_____  )

### RULING ON ORDER TO SHOW CAUSE WHY FEES SHOULD NOT BE DEEMED EXCESSIVE UNDER 11 U.S.C. § 329(b)

**Parties and their attorneys**

Thomas O. Gillis, pro se; Michael H. Meyer, Chapter 13 Trustee; Marta E. Villacorta, Esq., Assistant United States Trustee for Tracy Hope Davis, United States Trustee

### Introduction

When debtor's counsel opts to accept a "flat fee" to handle a Chapter 13 case, they assume the risk that they may be under-compensated.  The path to additional compensation is narrow but not impassable: convince the court that substantial and unanticipated post-confirmation work was necessary.  See Local Rule of Practice 2016-1(c)(3).  Counsel here took the wrong path.  After assessing the credibility of witnesses and weighing the arguments, the court holds that "flat fee" means what it says.  Counsel is ordered to disgorge an excessive fee.

**Facts**

A. Before the Order to Show Cause

Alejandro Cervantes was having trouble making his Chapter 13 plan payments.  In May 2019, Alejandro's income was reduced because he was temporarily disabled.[1]  He contacted his attorney, Thomas O. Gillis ("Gillis").  He spoke with Gillis's employee who said they could put his missed payments to the end of the plan or otherwise "take care of it."  Satisfied with the response, Alejandro thought the problem was solved.  He was wrong.

Several months later, the Chapter 13 Trustee, Michael H. Meyer ("Trustee"), sent Alejandro a notice that his plan was in default and his case could be dismissed.[2]  Alejandro again contacted Gillis's office.  The employee he spoke with could not explain why Alejandro's plan was not modified or why the problem was otherwise not straightened out.  The employee suggested that Alejandro drive to Gillis's Modesto office — 95 miles each way — and discuss his predicament.  Alejandro did.

When he got there, Alejandro was greeted by Gillis's employee, Kathy Alcaraz.  Alejandro met with Gillis for about an hour.  Though disputed, Alejandro remembers Gillis telling him that he would need $300.00 cash to file and seek court approval for a modified plan.  Alejandro refused to pay, reminding Gillis he had already been paid a flat fee of $4,000.00 for the Chapter

---

[1] The court refers to the debtor, Alejandro Cervantes, as "Alejandro" in this ruling for ease of reference.  No disrespect is intended.

[2] Later events led Trustee to file a motion to dismiss instead of relying on the "Notice of Default and Intent to Dismiss" procedure in Chapter 13 cases permitted by Local Bankruptcy Rule ("LBR") 3015-1.

13 case ($2,000.00 before filing and the remainder through plan payments). Alejandro returned home.

Meanwhile, Trustee filed a Motion to Dismiss Alejandro's case on February 6, 2020. Alejandro and Gillis were served with the motion. Docs. #58-62 and 70. Trustee contended Alejandro was in default under the plan by failing to pay over $3,200.00. The hearing was 20 days later. Alejandro and the Trustee appeared. Alejandro testified to the above facts under oath in response to questions from the court and the Trustee. Doc. #72. Gillis did not appear.

B.  The Order to Show Cause

On March 2, 2020 the court issued an Order to Show Cause directing Gillis to appear on March 16, 2020 and show cause why the court should not find the $4,000.00 presumptive flat fee Gillis had received from Alejandro excessive under 11 U.S.C. § 329(b).[3]  The order also directed Gillis to show cause why he should not be ordered to disgorge $600.00 to Trustee for violating LBR 2016-1(b), which precludes a debtor's attorney from accepting or demanding payment for services or cost reimbursement without obtaining a specific court order.[4]

---

[3]All references to section numbers or chapters refer to the United States Bankruptcy Code 11 U.S.C. §§ 101 *et seq.* References to "Rule" shall refer to Federal Rules of Bankruptcy Procedure. References to "LBR" shall refer to the Local Rules of Court for the United States Bankruptcy Court Eastern District of California.

[4]The Order to Show Cause explained the basis for the $600.00 disgorgement. Gillis allegedly asked for $300.00, which would be the minimum amount of the $4,000.00 flat fee that exceeded the reasonable value of the services. That sum was doubled because the California State Bar had suspended Gillis for two years. Alejandro must secure other counsel to modify the plan and successor counsel would need to familiarize themselves with Alejandro's predicament.

Finally, the order also referenced Gillis's failure to promptly
disclose any payment or agreement not previously disclosed under
Rule 2016(b).  When Gillis filed this case for Alejandro, they
both signed a "Rights and Responsibilities" form and filed it
with the bankruptcy schedules.  This form provided, among other
things, what services Gillis would perform for the $4,000.00
flat fee.

Gillis timely responded to the Order to Show Cause.  First,
he argues Trustee's vendetta against him is designed to "poison
the well" against his claims for attorney's fees in this and
other chapter 13 cases.  Second, Gillis contends Alejandro's
testimony at the dismissal hearing was uncertain about the
particulars of the alleged demand for further fees.  Gillis says
he never asked Alejandro for $300.00 "to file a motion."  Third,
Gillis says he had thorough notes of his December 2019 meeting
with Alejandro kept in a "post-petition file" that is now
missing despite his staff's perquisition.  Finally, Gillis
offers the court a possible resolution to avoid "a full 'he
said, she said' hearing:" he will disgorge $600.00 to Alejandro.
But the court's findings cannot include language that Gillis
asked for a post-petition fee.

The United States Trustee ("UST") filed a "Statement and
Reservation of Rights."  The statement notifies parties in
interest that the UST may file any action or appropriate
pleading in any of Gillis's cases or related proceedings.  The
UST also reserves rights to conduct discovery to determine

whether Gillis's fees are more excessive than what is set forth
on the Order to Show Cause.[5]

The hearing on the Order to Show Cause was held on March
16, 2020.  Appearing were Gillis, Trustee (via telephone), and
Alejandro.  The court asked Gillis if he wanted to cross-examine
Alejandro.[6]  Gillis declined, saying "it is not that big a (sic.)
deal to me."  No other party wished to be heard.  The matter was
submitted.

## Jurisdiction

The United States District Court for the Eastern District
of California has jurisdiction of this matter under 28 U.S.C.
§ 1334(b) since this is civil proceeding arising under title 11
of the United States Code.  The District Court referred this
matter to this court under 28 U.S.C. § 157(a).  This is a "core"
proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## Discussion

### 1. The court has discretion to address potential excessive fees and local rules violations.

A bankruptcy court's decision regarding the proper amount
of fees to be awarded counsel is reviewed for abuse of

---

[5]Attorney Nancy Klepac, who represents no one in this matter, submitted
a declaration (doc. #94) relating that Gillis had earlier approached her
saying he would pay her $50.00 per case if she took over representing the
debtors in his clients' chapter 13 cases with confirmed plans.  She refused.
The declaration also states that when confronted by Ms. Klepac about having
heard from her clients and others that Gillis's law office required post-
petition fees exceeding the "no-look fee," Gillis replied, "I am aware of
that."

[6] The transcript of the earlier dismissal hearing including Alejandro's
testimony was attached to the Order to Show Cause.

discretion.  <u>Neben & Starrett v. Chartwell Fin. Corp. (In re Park-Helena Corp.)</u>, 63 F.3d 877, 880 (9th Cir. 1995) (cert. den. 516 U.S. 1049 (1996)); <u>Hale v. U.S. Tr.</u>, 509 F.3d 1139, 1146 (9th Cir. 2007).  In employing the fee setting criteria of § 330(a), the bankruptcy judge is accorded wide discretion.  <u>In re Fin. Corp. of Am.</u>, 114 B.R. 221, 224 (B.A.P. 9th Cir. 1990).

The Bankruptcy Code's threshold for awarding fees to most professionals is § 330(a).  When evaluating the reasonableness of a professional's fee, § 330(a)(3) instructs courts to consider time spent, rates charged, necessity or beneficial nature of the service, timeliness, skill of the professional and customary compensation by comparably skilled professionals outside of the bankruptcy field.  But, when evaluating compensation for a debtor's attorney in a chapter 13 case, the focus is slightly different:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

§ 330(a)(4)(B).  <u>See also</u>, <u>In re Pedersen</u>, 229 B.R. 445, 448 (Bankr. E.D. Cal. 1999).

The court can critically evaluate debtor's counsel's compensation under § 329.  Subdivision (b) provides:

> If such [debtor's attorney's] compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –
>     (1)  The estate, if the property transferred –

           (A)   Would have been property of the estate;
                   or
           (B)   Was to be paid by or on behalf of the
                   debtor under a plan under chapter 11,
                   12, or 13 of this title; or
        (2)   The entity that made such payment.

Rule 2017 implements § 329 and gives the court authority "on the court's own initiative" after notice and a hearing to determine whether any payment or transfer by the debtor to an attorney either before or after the petition was filed is excessive. Rule 2017(a) and (b).[7]  Section 330 sets the standard by which fees are evaluated under § 329.  <u>Am. Law Ctr. PC, V. Stanley (In re Jastrem)</u>, 253 F.3d 438, 443 (9th Cir. 2001); <u>Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)</u>, 298 B.R. 392, 401 (B.A.P. 9th Cir. 2003) (affirmed in part, reversed in part and remanded by <u>Law Office of David A. Boone v. Derham-Burk (In re Eliapo)</u>, 468 F.3d 592 (9th Cir. 2006)).

Review of a local rule-based sanction is for abuse of discretion.  <u>Abdul Habib Olomi v. Tukhi (In re Tukhi)</u>, 568 B.R. 107, 112 (B.A.P. 9th Cir. 2017); <u>Price v. Lehtinen (In re Lehtinen)</u>, 564 F.3d 1052, 1058 (9th Cir. 2009).  So is a court's interpretation and application of local rules.  <u>Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.</u>, 741 F.3d 955, 957 (9th Cir. 2013).

A trial court's findings based on its views of the evidence, even if disputed, is accorded great deference.  Where there are two permissible views of the evidence, the fact

---

[7] Rule 2017 (a) only requires the examination of pre-petition payments made "in contemplation of the filing of a petition."  Rule 2017 (b) says examination of fees paid after the order for relief implicates "services any way related to the case."

finder's choice between them cannot be clearly erroneous.  <u>In re</u> <u>Bradford</u>, 112 B.R. 347, 352 (B.A.P. 9th Cir. 1990) (citing <u>Anderson v. Bessemer City</u>, 470 U.S. 564, 574 (1985)).  <u>See also</u>, <u>Amadeo v. Zant</u>, 486 U.S. 214 (1988).  When findings are based on determinations regarding the credibility of witnesses, an even greater deference to the trial court's findings is demanded. Only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what was said.  <u>Anderson</u>, 470 U.S. at 574. When a trial judge's finding is based on her "decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." <u>Id.</u> at 575.  Now, the court will review the evidence that Gillis's fees were excessive since he asked for unapproved post-petition fees.

## 2.  Gillis's fees were excessive and he should disgorge $600.00 to Alejandro's bankruptcy estate.

Gillis told Alejandro that $300.00 had to be paid to his office before the plan could be modified.  Gillis disputes this. The court, though, heard Alejandro's live testimony and examined him under oath.  The court observed Alejandro's demeanor at the dismissal hearing.  He was forthright in answering the questions.  The court asked direct questions and leading questions and received the same answers.  Alejandro was direct in his responses; he did not waiver or shift his focus when

asked the questions.  The court finds Alejandro's testimony
credible and believable.

The court has also carefully reviewed the declarations and
arguments Gillis presented in opposition.  Alejandro's testimony
is more credible for several reasons.  First, Alejandro's
recollection of when he was disabled and the timeline of his
visit to Gillis's office are consistent with Gillis's own
recollection and that of his staff.  Second, Gillis declined to
cross examine Alejandro who was present at the March 16 hearing
on this order to show cause.  Alejandro did not have to be
there.

Third, Gillis's "clear recollection" does not dispute
Alejandro's pertinent testimony.  Much of Gillis's opposition
discusses his office's inability to locate documents.  This is
inconsistent with having a clear recollection.  Gillis's
declaration (doc. #91) says in part: "I never asked him
(Alejandro) for $300 to file a motion."  This does not dispute
Alejandro's testimony (doc. #72) that "they [said] we can do an
adjustment, or they can do something."  Gillis's statement does
not dispute that he requested $300.00 just that he did not
request $300.00 to "file a motion."  Gillis does not dispute
Alejandro's many attempts over a seven-month period to resolve
his plan defaults.[8]

Fourth, Ms. Alcaraz's declaration (doc. #89) does not
sufficiently dispute Alejandro's testimony.  Ms. Alcaraz states:
she was Gillis's secretary in December 2019; that her desk was

---

[8]Curiously, Gillis offered to accept a ruling requiring he disgorge
$600.00 if there was no finding that Gillis asked Alejandro for $300.00 in
December 2019.  This supports the finding that Gillis conditioned the plan
modification.  The court declines to engage in chaffer.

"next" to Gillis; she also spoke with Alejandro and his wife before their meeting with Gillis in the Modesto office. She states that she never heard Gillis tell Alejandro to pay $300.00 "to work on his case." But there is no foundation that Ms. Alcaraz heard everything in Alejandro's meeting with Gillis, which lasted about an hour.

The court dismisses Gillis's contention that Trustee has a "vendetta" against him. This is no more than side-eyed commentary. Trustee filed a motion to dismiss Alejandro's case due to defaulted payments. Notice of hearing on the motion was served on Gillis 20 days before. Doc. #62. The dismissal hearing was not "impromptu" as Gillis suggests. Gillis chose not to appear.

The purported vendetta claim also ignores Trustee's statutory duties. Section 1302(b)(4) requires a chapter 13 trustee to advise and assist the debtor in performance under the plan. The trustee can advise the debtor on other than legal matters. Id. See also, Ferrell v. Countryman, 398 B.R. 857, 867 (E.D. Tex. 2009). The trustee is also the representative of the estate. See § 323(a). Alejandro was in default under the plan. Trustee brought the default to the court's attention. Trustee is also obligated to advise and assist Alejandro in performance under the plan. Inquiring about Alejandro's circumstances is part of that. Logically, that inquiry would include whether Alejandro brought his circumstances to his attorney's (Gillis) attention. The "vendetta" argument is meritless.

What is more, Gillis did not disclose the modification of the "Rights and Responsibilities." Rule 2016(b) requires that a supplemental statement disclosing any payment or agreement not previously disclosed must be filed by debtor's counsel and transmitted to the UST within 14 days. Gillis modified the "Rights and Responsibilities" by conditioning the modification of the plan upon a post-confirmation payment the court did not approve. Gillis did not file a supplemental disclosure. Gillis shall disgorge $600.00 to Trustee in Alejandro's bankruptcy case.[9]

## 3. Alternatively, Gillis should disgorge $600.00 for violating a local rule of court.

LBR 2016-1 deals with attorneys' fees in Chapter 13 cases. Subdivision (b)provides:

> After the filing of the petition, a debtor's attorney shall not accept or demand from the debtor or any other person any payment for services or cost reimbursement without first obtaining a court order authorizing the fees and/or costs and specifically permitting direct payment of those fees and/or costs by the debtor.

The evidence establishes Gillis requested that Alejandro pay $300.00 to modify the plan. No court order authorized the fees. The court orders Gillis to disgorge $600.00 to Trustee for violating the local rules.[10]

---

[9]Gillis has also been ordered to disgorge $1,400.00 to Trustee in another matter involving this debtor (MHM-4). That order is independent of this order. This order relates to a specific post-petition task; not Gillis's pre-petition remissness or his inability, because of the State Bar suspension, to perform necessary services to complete Alejandro's case.

[10] The rationale for ordering Gillis to disgorge $600 is discussed earlier. See footnote 4 above.

There is no question that a bankruptcy court has the power to sanction for violations of local rules.  <u>Miranda v. S. Pac. Transp. Co.</u>, 710 F.2d 516, 519-20 (9th Cir. 1983).  But the court must consider several factors.  <u>See Lee v. Roessler-Lobert (In re Roessler-Lobert)</u>, 567 B.R. 560, 573-74 (B.A.P. 9th Cir. 2017).  In this circuit, <u>Zambrano v. Tustin</u>, 885 F.2d 1473, 1480 (9th Cir. 1989) instructs that these factors should be considered:

- The sanction must be consistent with governing statutes and court rules.

- It must be necessary for the court to carry out the conduct of its business.

- There must be a close connection between the sanctionable conduct and the sanctity of the federal rules.

- The order should be consistent with principles of right and justice, proportionate to the offense, and commensurate with principles of restraint and dignity inherent in judicial power.

Application of the sanctions should be supported by the violator's recklessness, repeated disregard for court rules, gross negligence, or willful misconduct.  More than simple negligence is necessary.  <u>Id.</u>; <u>see also</u> <u>Colville Confederated Tribes v. Walton</u>, Nos. 91-35490, 91-35755, 1992 U.S. App. LEXIS 30612, at *8 (9th Cir. Nov. 13, 1992).  The court examines the factors now.

<u>Consistency with statutes and rules.</u>  Sections 329 and 330 govern compensation of attorneys representing Chapter 13 debtors.  Section 329 gives the court authority to order the

return of any compensation payment deemed excessive.  The court has explained the basis for the sanction applying both §§ 329 and 330.  Rule 2017(b) sets forth the authority of the court on its' "own initiative" after notice and a hearing to determine whether any payment of money to counsel was excessive.

The $600.00 disgorgement order will be issued after the court noticed a hearing on an order to show cause.  Gillis had notice and he opposed.  The proscription of LBR 2016-1(b) against unauthorized payments made to debtor's counsel is consistent with the court's authority over counsel's compensation under the bankruptcy code and rules.

Necessity for the court to carry out its business.  Without LBR 2016-1(b), it is conceivable that counsel will be able to prevail on their debtor client to pay more for services within the scope of services counsel originally agreed to perform.  LBR 2016-1(b) gives the court a tool to monitor counsel's compliance with their duties and provides some assurance debtor's counsel will complete the tasks required to navigate a Chapter 13 case. This is necessary so the court can conduct its business deciding disputes in Chapter 13 cases.

Connection of conduct to federal rules.  Section 329(a) as implemented by Rule 2016(b) requires timely disclosure of the terms of counsel's representation of a debtor.  If those terms change, that too must be timely disclosed.  The conduct here — conditioning services on an additional $300.00 payment — is precisely the type of conduct requiring disclosure.  Also, as discussed below, both Alejandro and Gillis signed a "Rights and Responsibilities" agreement when this bankruptcy case was filed.

That agreement precludes what occurred here.  Gillis elected a "fixed fee" compensation arrangement.  Under the local rules, additional fees may be approved by the court only if "substantial and unanticipated post-confirmation work is necessary."  See LBR 2016-1(c)(3).  The conduct here was an attempt to skirt that rule.

Consistency with "right and justice".  The sanction ordered here is minor and limited.  Section 329 would permit the court to cancel the entire agreement leaving Alejandro and Gillis in a ruckus over the reasonable value of Gillis's services.  Gillis did file the case and a plan was confirmed.  So, some portion of Gillis's fee is not excessive.  The amount awarded here is restrained since Gillis has already been ordered to return a larger portion of his "flat fee" for unrelated reasons.[11]

Other sanctions would be ineffective.  Alejandro must find other counsel because Gillis's privilege to practice law in California is suspended.  For that reason, there is no point in the court suspending any of Gillis's court privileges.  Also, the sanction, if paid, may give Alejandro some ability to seek other counsel.  That leaves the option of a higher monetary sanction.  But here, Alejandro did not pay the additional $300.00.  The sanction here is appropriate for the improper conduct.

State of mind.  When a violator knowingly violates a court rule or order, that is considered willful conduct.  See generally ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.), 450 F.3d 996, 1007-08 (9th Cir. 2006).  Gillis knew of the proscription

---

[11] See MHM-4

against asking Alejandro for additional fees without a court order.  First, Gillis himself said he would accept a ruling requiring him to disgorge $600.00 as long as there was no finding that he violated the rule.  Second, Ms. Klepac's declaration (doc. #94) states Gillis acknowledged he was aware that she heard from her clients and others that his office required post-petition fees despite his use of the no-look fee. Third, Gillis signed a "Rights and Responsibilities" agreement at the beginning of this case.  Doc. #13.  The last phrase of the agreement just above the signature block is the following: "The attorney may not receive fees directly from the Debtor." Gillis was aware of the rule before asking Alejandro to "hand over" $300.00.  Finally, Gillis is presumed to know the rules. He has been practicing bankruptcy for a long time. He has filed many cases in this and other districts.  He clearly knew he was violating a rule.

Gillis intentionally asked for the money.  Alejandro was clear it was Gillis himself, not a staff member, who asked for the extra funds.  Gillis did not mistakenly ask for the extra funds. This amounts to willful conduct.

## Conclusion

For the foregoing reasons, Gillis is ordered to disgorge $600.00 to Trustee.  A separate order will issue.

**Dated:** Apr 14, 2020                **By the Court**

René Lastreto II, Judge
United States Bankruptcy Court

15

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked __X__, via the U.S. mail.

Alejandro Cervantes
701 W. Magill Ave
Fresno CA 93704

Michael H. Meyer
PO Box 28950
Fresno CA 93729-8950

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721

Thomas O. Gillis
1006 H St #1
Modesto CA 95354